IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SOUTHEASTERN CARPENTERS AND
MILLWRIGHTS PENSION TRUST,

    Plaintiff,

v.                          CV 617-073

GYPSY SALINSKI, et al.,

    Defendants.

**O R D E R**

This case involves a dispute over James Salinski's pension benefits. His daughters and his ex-wife all claim entitlement to the disputed funds, which Plaintiff held. Plaintiff, as administrator of the pension benefits plan, therefore filed this interpleader action seeking to deposit the disputed funds – which at the time of the filing of this action consisted of $111,506.23 – into the Court's registry.

On November 16, 2017, the Court entered an Order that, *inter alia*, directed Plaintiff to tender payment in the amount of $107,052.90 to the Clerk of this Court.[1] (Doc. 31, at 9.) The Court subsequently received notice from Plaintiff that the total disputed pension benefits funds have grown by approximately $13,738.56 and that Plaintiff desired to deposit

---

[1] This amount consisted of the total disputed pension benefits funds ($111,506.23) minus the fees and expenses award ($4,453.33) granted to Plaintiff in the Order dated November 16, 2017. (See Doc. 31, at 9 n.6.)

these additional funds into the Court's registry. (Doc. 32.) On November 21, 2017, Plaintiff deposited $120,791.46 with the Clerk. (Doc. 33.) That same day, the Court amended its Order dated November 16, 2017 to reflect the additional amount deposited by Plaintiff. (Doc. 34.) In that same Order, the Court dismissed Plaintiff from this case. (Id.)

On November 29, 2017, the remaining parties, namely Gypsy Salinski, Ashleigh Salinski, and Mary Alderman (collectively, the "Remaining Parties") filed a Consent Motion to Disburse Funds and Dismiss, attaching thereto a proposed consent final judgment (the "Consent Final Judgment") to be entered by this Court. (Docs. 35, 35-1.) The Consent Motion is signed by each and every one of the Remaining Parties and states that the parties have reached settlement on all matters pending in the present action. (Doc. 35.) Similarly, the Consent Final Judgment is signed by each and every one of the Remaining Parties. (Doc. 35-1.)

Upon due consideration of the pleadings, filings, and other matters properly before the Court, the Court finds that the entry of judgment on the terms set forth in the Consent Final Judgment is appropriate under relevant law. **IT IS THEREFORE ORDERED** that the Remaining Parties' Consent Motion to Disburse Funds and Dismiss (doc. 35) is **GRANTED** and that the attached Consent Final Judgment is **ENTERED** on the record of this case.

2

The Clerk is **DIRECTED** to: (i) **ENTER JUDGMENT** in favor of the Remaining Parties in accordance with the terms of the Consent Final Judgment; (ii) **DISBURSE** the funds held in the Court's registry in connection with this action in accordance with the terms of the Consent Final Judgment; and (iii) **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 30th day of November, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SOUTHEASTERN CARPENTERS AND MILLWRIGHTS PENSION TRUST, <br><br> Plaintiff-in-Interpleader <br><br> v. <br><br> GYPSY SALINSKI, ASHLEIGH SALINSKI, AND MARY ALDERMAN <br><br> Defendants-in-Interpleader. | Case No.: <br> 6:17-CV-00073-JRH-GRS |

## CONSENT ORDER DIRECTING DISBURSEMENT FUNDS AND GRANTING DISMISSAL WITH PREJUDICE

This interpleader action concerns a dispute over the $111,506.23 in pension benefits of James Salinski ("the Pension Benefits") through his pension with the Southeastern Carpenters Pension Trust Plan ("the Plan"). (Doc. 1, par. 11). Mr. Salinski passed away on September 9, 2016, and a dispute arose – among the Defendants – as to whether the benefits should be distributed pursuant to a Designation of Beneficiary Form that Mr. Salinski executed shortly before his death or pursuant to the terms of the Plan as if no Designation of Beneficiary Form had been executed. (Doc. 1, par. 11-14, 18-20).

Plaintiff moved to deposit the Pension Funds, less attorney's fees, into the Registry of the Court, and be dismissed from this action ("Plaintiff's Motion"). (Doc. 22). On November 16, 2017, this Court entered an order on Plaintiff's Motion ("Order"), directing Plaintiff to tender payment in the amount of $107,052.90 to the Clerk of Court ("the Interplead Funds") on or before

1

November 22, 2017, and dismissing Plaintiff upon the deposit of said funds in the Registry of the Court. (Doc. 31, p. 9-10).

On November 21, 2017, Plaintiff deposited $120,791.46 ("the Interplead Funds") with the Clerk of Court, which represents the initial amount that the Court ordered Plaintiff to deposit, plus an additional $13,738.56 in interest that has accrued since this action was filed. (Doc. 32; and Doc 33). This Court subsequently amended its Order to reflect the additional amount deposited. (Doc. 34). Pursuant to the Court's Order, as amended, Plaintiff was dismissed from this case November 21, 2017. (Doc. 31; and Doc. 34).

The Defendants have reached an agreed resolution as to the distribution of the Interplead Funds, as set forth below, and seek an order from this Court approving the agreed resolution, directing the Clerk of Court to disburse the Interplead Funds as specified herein, and dismissing this case (including all cross-claims and counterclaims and other claims that have been or could have been asserted in connection with the above-styled action) with prejudice.

It appearing that the Defendants have jointly moved this Court for an Order directing disbursement of the funds being held in the Registry of the Court as specified below and dismissing of all remaining claims, it appearing that the Defendants have consented to this Order, and it appearing that that good cause has been shown for such an order, IT IS HEREBY ORDERED AND ADJUDGED that the above-styled action, and all claims to the Pension Benefits, as well as all other claims, cross-claims, and counterclaims asserted by any party, are hereby DISMISSED WITH PREJUDICE.

It is further ORDERED that the cross-claims that Defendants Ashleigh Salinski and Mary Alderman asserted against Defendant Gypsy Salinski, and all other claims, cross-claims, and

counterclaims that any Defendant has or could have brought in this lawsuit, are hereby DISMISSED WITH PREJUDICE.

It is further ORDERED that Defendants Ashleigh Salinski and Mary Alderman release Defendant Gypsy Salinski from and waive their right to pursue any and all claims, demands, causes of action, suits, complaints, obligations, and liabilities of whatever kind or nature, whether known or unknown, suspected or unsuspected, whether at law or in equity, which Ashleigh Salinski and Mary Alderman, individually, jointly and/or in any representative capacity, ever had, now have, or will ever have, or that their, assigns, executors, administrators, personal representatives, heirs, attorneys, agents, brokers, or representatives, have or hereafter may have by reason of, or in any way whatsoever related to the Pension Benefits.

It is further ORDERED that Defendant Gypsy Salinski releases Defendants Ashleigh Salinski and Mary Alderman from and waives her right to pursue any and all claims, demands, causes of action, suits, complaints, obligations, and liabilities of whatever kind or nature, whether known or unknown, suspected or unsuspected, whether at law or in equity, which Defendant Gypsy Salinski, individually, jointly and/or in any representative capacity, ever had, now has, or will ever have, or that her, assigns, executors, administrators, personal representatives, heirs, attorneys, agents, brokers, or representatives, have or hereafter may have by reason of, or in any way whatsoever or in any way whatsoever related to the Pension Benefits.

It is further ORDERED that the Clerk shall disburse the Interplead Funds currently held in the Registry of the Court as follows: $79,579.52 shall be paid to Gypsy Salinski; and $41,211.94 shall be paid to Ashleigh Salinski and Mary Alderman.

It is further ORDERED that, in the event that the amount available for distribution to the Defendants is more than $120,791.46, the Clerk shall deduct a fee in the amount of 10% of the

income earned on the Interplead Funds (pursuant to Local Rule 67), and disburse the remaining additional funds as follows: 1/3 shall be paid to Gypsy Salinski; and 2/3 shall be paid to Ashleigh Salinski and Mary Alderman.

It is further ORDERED that, the disbursement to Ashleigh Salinski and Mary Alderman shall be made payable to Brown Rountree, PC, as attorney for Ashleigh Salinski and Mary Alderman, and the disbursement to Gypsy Salinski shall be made payable to Edenfield, Cox, Bruce, Edenfield & Colson as attorney for Gypsy Salinski.

It is further ORDERED that the Defendants shall be responsible for and pay their own attorney's fees as settlement of any and all remaining claims, cross claims and counter claims.

SO ORDERED, this 30th day of November, 2017

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by:

Edenfield, Cox, Bruce, Edenfield & Colson

/s/ Marc M. Bruce
Marc M. Bruce
Georgia Bar No. 090275
/s/ Joe E. "Matt" Mathews, Jr.
Joe E. "Matt" Mathews, Jr.
Georgia Bar No. 954895
115 Savannah Avenue
Statesboro, Georgia 30459
Telephone: (912) 764-8600
*Counsel for Defendant in Interpleader Gypsy Salinski*

Consented to by:

Brown Rountree PC

/s/ George H. Rountree
George H. Rountree
State Bar No. 616205
/s/ Laura H. Wheaton
Laura H. Wheaton
State Bar No. 751221
26 North Main Street
Statesboro, GA 30458
(912) 489-6900
*Counsel for Defendants in Interpleader Ashleigh Salinski and Mary Alderman*